UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GIGI JORDAN                                    :
                                               :
            Plaintiff,       :   Case No. 12 Civ. 1742 (KBF)
                                               :
            vs.              :
                                               :   **ECF Case**
RAYMOND A. MIRRA, Jr.                          :
                                               :
            Defendant.       :
                                               :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANT'S RESPONSE IN SUPPORT
# OF DISTRICT ATTORNEY NEW YORK COUNTY'S APPLICATION TO INTERVENE
# AND REQUEST FOR A STAY

                            Joseph P. Moodhe
                            DEBEVOISE & PLIMPTON LLP
                            919 Third Avenue
                            New York, New York 10022
                            (212) 909-6000

                            *Attorneys for Defendant*
                            *Raymond A. Mirra, Jr.*

Dated: New York, New York
         May 10, 2012

## Preliminary Statement

On April 23, 2012, the District Attorney of New York County (the "DA") filed an Application to intervene pursuant to FRCP 24(a) and (b) and to stay further proceedings in this action. (the "DA's Application"). The DA requested that this action be stayed pending the conclusion of the pending criminal trial against Plaintiff Gigi Jordan ("Jordan") for murder in the second degree (the "Criminal Action"). On May 4, 2012, Jordan filed an Opposition to the DA's Application ("Opposition"). Defendant Raymond A. Mirra, Jr. ("Mirra") submits this response in support of the DA's Application to intervene and to stay all proceedings in this action. Mirra further requests that the Court adjourn the date by which Defendant must move or answer Plaintiff's complaint (currently June 5) until after the Court has ruled on the DA's Application.

## Argument

**I.    The Proceedings Should Be Stayed In Their Entirety**

In light of the substantial overlapping facts at issue in this case and the Criminal Action, Mirra agrees with the DA that the Court should exercise its discretion to stay these proceedings in their entirety pending resolution of the Criminal Action. *Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("[i]t is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action"); *Deegan v. United States*, 517 U.S. 820, 827 (1996) (the power of a federal court to stay proceedings in a civil matter encompasses its ability to manage civil litigation "to avoid interference with" criminal prosecutions).

A stay of civil proceedings is most likely to be granted when there is significant overlap between a civil and a criminal action, particularly where a party to a civil case has already been indicted. *Stamile v. County of Nassau,* No. CV 10-2632(SJF)(AKT), 2011 WL 1754125, at * 4-5 (E.D.N.Y. Jan. 31, 2011) ("[W]here there is such a substantial overlap between the civil and criminal actions, proceeding with the instant civil action while the criminal proceeding remains pending would be inefficient and wasteful") (internal citations omitted); *see also Par Pharmaceutical, Inc. Securities Litigation*, 133 F.R.D. 12, 13 (S.D.N.Y.1990) (the weight of authority indicates that courts in this Circuit will regularly stay civil proceedings when a "criminal investigation has ripened into an indictment").

Contrary to the arguments in Jordan's Opposition, the avoidance of a civil defendant's Fifth Amendment privilege is not the only consideration in assessing whether a stay of a civil case pending a criminal proceeding is warranted. Opposition, pgs. 5-7. Indeed, Jordan's straw man argument-- that Mirra might invoke his Fifth Amendment right against self-incrimination-- turns the analysis upside down. In fact, the opposite is likely true: while Jordan would propose to prosecute her claims in this action freely and with full discovery, Mirra would be hampered by the inevitable invocation of Jordan's right against self-incrimination should he try to obtain discovery from her before the conclusion of her criminal proceeding.

A stay of a civil action pending resolution of a criminal action will often serve the interests of the Court and the public, because "a stay would promote efficiency and avoid duplication . . . [and] it is likely that the resolution of the criminal action will, ultimately, further the Court's interest in the efficient disposition of the civil action." *Stamile,* at *7. Here, a stay pending resolution of the Criminal Action will likely narrow the allegations in this action and reduce the scope of discovery sought by Jordan, providing a benefit to both the Court and Mirra.

*See e.g. Texaco Inc. v. Borda*, 383 F.2d 607, 608-09 (3rd Cir. 1967) ("[T]he power to stay proceedings is incidental to the power inherent of every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants") (affirming decision to stay civil proceedings pending resolution of a criminal trial where district court judge determined that resolution of the criminal case would likely reduce the scope of discovery in the civil action and might simplify the issues.).

Moreover, courts will give "substantial weight to the public interest in law enforcement in balancing the policy against the right of a civil litigation to a reasonably prompt determination of his civil claims." *Twenty First Century Corp v. LaBianca*, 801 F.Supp. 1007, 1010 (E.D.N.Y 1992) (internal citations and quotations omitted). Where there are concurrent civil and criminal proceedings involving overlapping facts, courts are justified in staying the civil action if doing so would not seriously injure the public interest. *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985).

Jordan has made her financial and personal relationship with Mirra a central theme to her defense in the Criminal Action. These are the very allegations at issue in this action. Jordan's assertion that her interest in vindicating her claims here will be prejudiced by a stay are unsupported by any specific showing. *See e.g. Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 40 n.6 (S.D.N.Y. 1993) (the stay of a civil case would not jeopardize evidence where there are overlapping issues with the criminal case and where suggestion that postponing discovery would jeopardize plaintiffs' ability to collect judgment against defendants was too speculative.)

Finally, judicial economy and sound conservation of the parties' resources favor adjourning the date by which Defendant must move or answer Plaintiff's complaint until the

Court has had an opportunity to rule on the DA's Application. Without such an adjournment, Mirra will be forced to proceed with investigating and preparing pleadings that may be altered by the course of the criminal trial, assuming the Court were to grant a stay of proceedings.

## Conclusion

For the foregoing reasons, the Court should issue an order adjourning the date by which Defendant must move or answer Plaintiff's complaint until the Court has had an opportunity to rule on the DA's application and the request to stay this case, grant the DA's application to intervene pursuant to intervene pursuant to FRCP 24(a) and (B) and issue an order staying these proceedings, in their entirety, pending the resolution of the criminal matter against Jordan.

Dated: New York, New York
       May 10, 2012

                                                 Respectfully submitted,

                                                 DEBEVOISE & PLIMPTON LLP


                                                 By: /s/ Joseph P. Moodhe
                                                       Joseph P. Moodhe
                                                 919 Third Avenue
                                                 New York, New York 10022
                                                 (212) 909-6000
                                                 jpmoodhe@debevoise.com

                                                 *Attorneys for Defendant*
                                                 *Raymond A. Mirra, Jr.*