**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Gigi JORDAN,

*Plaintiff*,

-against-

Raymond A. MIRRA, JR.,

*Defendant*.

**Case No. 12 Civ. 1742 (KBF) (RLE)**

**REPLY BRIEF IN SUPPORT OF MOTION BY THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE FOR LEAVE TO INTERVENE PURSUANT TO F.R.CIV.P. 24(A) AND (B) AND FOR A STAY OF DISCOVERY**

Dated: New York, New York
May 11, 2012

Kerry J. O'Connell
Assistant District Attorney
Of Counsel

Cyrus R. Vance, Jr.
District Attorney New York County
One Hogan Place
New York, New York 10013
Email: oconnellk@dany.nyc.gov
(212) 335-4336 (tel)
(212) 335-4159 (fax)

# TABLE OF AUTHORITIES

**Page**

## Cases

*Agran v. City of New York*,
1996 WL 263023 (S.D.N.Y. May 16, 1996) ..... 5

*Arden Way Assocs. v. Boesky*,
660 F. Supp. 1494 (S.D.N.Y. 1987) ..... 7

*Campbell v. Eastland*,
307 F.2d 478 (5th Cir. 1962), *cert. denied*, 371 U.S. 955 (1963) ..... 4, 5, 6

*Capital Engineering & Mfg. Co., Inc. v. Weinberger*,
695 F. Supp. 36 (D.D.C. 1988) ..... 4

*Dominguez v. Hartford Financial Servs. Group, Inc.*,
530 F. Supp. 2d 902 (S.D.Tex. 2008) ..... 5

*Fendi Adele S.R.L. v. Ashley Reed Trading, Inc.*,
2006 WL 2585612 (S.D.N.Y. Sept. 8, 2006) ..... 3, 8, 9

*In re Ivan F. Boesky Sec. Litig.*,
128 F.R.D. 47 (S.D.N.Y. 1989) ..... 8

*Louis Vuitton Malletier, S.A. v. Ly USA, Inc.*,
2012 WL 1034900 (2d Cir. March 29, 2012) ..... 7, 8

*SEC v. Constantin*,
2012 WL 1195700 (S.D.N.Y. April 9, 2012) ..... 9

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*,
175 F. Supp. 2d 573 (S.D.N.Y. 2001) ..... 7, 9

*The LaRouche Campaign v. F.B.I.*,
106 F.R.D. 500 (D.Mass. 1985) ..... 4

*Tucker v. U.S.*,
102 A.T.F.R.2d 2008-7200 (N.D.W.Va. 2008) ..... 4, 6

**Preliminary Statement**

The New York County District Attorney ("District Attorney"), respectfully submits this Reply Memorandum in further support of its Motion to Intervene in this action and for a stay of discovery pending the resolution of criminal proceedings brought by the District Attorney against the Plaintiff in this action, Gigi Jordan.

Plaintiff does not dispute that intervention by the District Attorney is warranted under either Federal Rule of Civil Procedure 24(a) or 24(b). Instead, Plaintiff argues that this Court should exercise its discretion to deny a stay of this action. In so arguing, Plaintiff misstates the standards governing the stay of civil litigation pending the resolution of related criminal proceedings, and relies on case authority that is inapposite and easily distinguishable. Plaintiff offers nothing but conclusory assertions that her claims in this action – which are premised upon the identical financial transactions identified as a basis for her proposed defense in her criminal action – are "unrelated" to the pending criminal proceedings against Ms. Jordan. As shown below, a stay of Ms. Jordan's claims in this action is fully warranted to prevent Ms. Jordan from circumventing the restrictions on discovery applicable to her in her criminal action, and pursuing broader discovery under the guise of this case. Therefore, the District Attorney respectfully requests that this Court issue a stay of discovery on Ms. Jordan's claims in this action pending the resolution of Ms. Jordan's criminal proceedings.

## Argument

### I. THERE IS MATERIAL FACTUAL OVERLAP BETWEEN MS. JORDAN'S CLAIMS IN THIS CASE AND THE PURPORTED DEFENSE SHE HAS ASSERTED IN HER CRIMINAL PROCEEDING.

Plaintiff asserts repeatedly that there is only an "incidental and nonmaterial overlap" between the issues in this action and those in her pending criminal action. *Cf.* Opp. Br. at 3. Plaintiff similarly alleged in her Complaint (in apparent anticipation of this issue) that "this action is completely independent from the criminal court proceedings" against Ms. Jordan. Plaintiff utterly fails to support these contentions, and the civil allegations are the bedrock of her criminal defense.

While Plaintiff correctly asserts that the transactions alleged in her Complaint are not referenced in her criminal indictment (and like most New York State Court indictments, the language used need only set forth that she intentionally murdered her child), it is indisputable that Ms. Jordan has affirmatively raised, albeit belatedly, the identical financial transactions with Mr. Mirra that are the subject of her Complaint in this action as part of her purported defense in her criminal action.[1] *See* Exhibit 1 to

---

[1] Ms. Jordan has asserted that she was motivated to kill her son, Jude, on February 5, 2010, in material part because of concerns she harbored in late 2009 and early 2010 about possible financial frauds committed by Mr. Mirra from the late 1990s through 2008. Opp. Br. at 3-4. *See also* Opp. Br., Exh. 1 at 18.

The District Attorney expressly disputes the viability and validity of Ms. Jordan's purported defense, in all respects. Notwithstanding, Ms. Jordan should not be allowed to pursue civil litigation that is directly related to the purported defense she has asserted in her

(continued…)

Plaintiff's Opposition (Defendant Gigi Jordan's Answer to the Prosecution's Response to Motion for Bail), at pp. 18-32. In *Fendi Adele S.R.L. v. Ashley Reed Trading, Inc.*, 2006 WL 2585612 at *3 (S.D.N.Y. Sept. 8, 2006), cited by Plaintiff, the court recognized that the fact that the criminal indictment did not reference the same transactions alleged in the civil complaint "is not necessarily the end of the matter" on whether there was a factual overlap between the civil and criminal actions. Therefore, the fact that the same transactions that are the subject of Plaintiff's claims in this action were *previously* asserted as a basis for her purported defense to the criminal charges she is facing suffices to demonstrate the factual interrelationship between Ms. Jordan's criminal action and the civil action she has instituted.

## II. THE FACT THAT MS. JORDAN IS THE PLAINTIFF PURSUING CIVIL LITIGATION DOES NOT JUSTIFY THE DENIAL OF THE DISTRICT ATTORNEY'S MOTION TO STAY.

Plaintiff also wrongly suggests that a stay is only appropriate where the *defendant* in a civil litigation was the defendant or prospective defendant in a pending criminal proceeding. *Cf.* Opp. Br. at 1 (emphasis added) ("In every case cited by the District Attorney in which a government agency sought to intervene and stay a civil action, or discovery in a civil action, because of a pending criminal proceeding or investigation,

---

(continued…)

criminal proceeding, and should not be allowed to circumvent the limitations on criminal discovery by suing Mr. Mirra, a material witness in Ms. Jordan's criminal proceeding.

*the defendant in the civil action had been the defendant or the prospective defendant in the criminal action*.").

Plaintiff ignores *Campbell v. Eastland,* 307 F.2d 478 (5th Cir. 1962), *cert. denied*, 371 U.S. 955 (1963), cited at page 12 of the District Attorney's April 23 Brief, in which the Court of Appeals affirmed the district court's stay of a civil action brought by a taxpayer after being notified of the likelihood of criminal fraud charges. *Id.*, at 483 ("it is a fair inference from the record that the filing of a suit for a refund, or at least the filing of the motion for discovery, was a tactical maneuver to enable the taxpayer to gain advance information on the criminal case.").

Plaintiff also overlooks numerous other cases in which courts have granted stays of civil litigation on the government's motions, where the defendant or prospective defendant in a pending criminal proceeding was also the *plaintiff* in the related civil litigation. *See, e.g.*, *Tucker v. U.S.*, 102 A.T.F.R.2d 2008-7200 (N.D.W.Va. 2008) (staying civil action brought by taxpayer for wrongful disclosure of tax return information in deference to pending criminal action against taxpayer, and rejecting taxpayer's contention that issue in civil action was "wholly unrelated" to issues in criminal action); *Capital Engineering & Mfg. Co., Inc. v. Weinberger,* 695 F. Supp. 36, 41-42 (D.D.C. 1988) (staying action brought by defense contractor against Army seeking declaration that suspension of contractor was unlawful, given factual overlap with pending criminal proceedings against contractor and likelihood that discovery sought

by defense contractor in civil action would be used to defend against the criminal action); *The LaRouche Campaign v. F.B.I.*, 106 F.R.D. 500, 501 (D.Mass. 1985) (granting defendants' motions for stay of discovery of plaintiff's action given factual overlap with pending criminal investigation of plaintiff, recognizing "the general proposition that the broad rules of civil discovery cannot be used to circumvent the more restrictive rules of criminal discovery").

In *Dominguez v. Hartford Financial Servs. Group, Inc.*, 530 F. Supp. 2d 902 (S.D.Tex. 2008), the court outlined in detail the reasons for granting the government's motion to stay a civil action instituted by the defendant in a pending criminal action:

> "Although Hoeffner is a defendant in the criminal prosecution and the civil action, he is the plaintiff in his civil cross-claim against The Hartford. Thus, Hoeffner's civil cross-claim is procedurally equivalent to a new civil lawsuit. . . .
>
> The civil action should also be stayed because Hoeffner, a criminal defendant, seeks discovery as a civil plaintiff. As a matter of equity and public policy, a criminal defendant may not institute a civil action to obtain discovery relating to the criminal case. *See Campbell v. Eastland*, 307 F.2d at 487 (holding that liberal civil discovery procedures are not a 'back door' to information otherwise beyond reach under the criminal discovery rules); *see also Agran v. City of New York*, 1996 WL 263023, *2 (S.D.N.Y. May 16, 1996) (staying federal civil action initiated by criminal defendants). The scope of criminal discovery is significantly narrower than the scope of civil discovery. *See Campbell*, 307 F.2d at 487…
>
> Because Hoeffner seeks discovery in the civil suit that would be unavailable to him in the criminal suit, the Court declines to allow Hoeffner to take advantage of the liberal civil discovery rules to request interrogatories from and depose The Hartford's current and former employees. Moreover, permitting Hoeffner to depose prospective Government witnesses through civil discovery would substantially and

> irreparably prejudice the Government because it would allow Hoeffner to gain advance notice of the witnesses' testimony in the criminal prosecution and an opportunity to shape his own testimony."

*Id.*, at 906-08. The foregoing reasoning is equally applicable in this case.

Plaintiff is also incorrect in arguing that a stay would only be appropriate if *Mr. Mirra* had indicated an intention to assert the Fifth Amendment privilege against self-incrimination in response to questioning in this action. Opp. Br. at 5-7. Plaintiff's argument is premised on taking language out of context from cases where the criminal defendant was also the defendant in the civil litigation. To the contrary, *Campbell v. Eastland* and the foregoing case law support a stay to prevent a criminal defendant such as Ms. Jordan from circumventing the limitations on criminal discovery by pursuing discovery on related factual issues as a plaintiff in civil litigation, particularly given Ms. Jordan's ability to assert her Fifth Amendment rights to restrict discovery addressed to her. *See Tucker v. U.S.*, *supra* (reasoning that stay was warranted because plaintiff in civil litigation "could not only potentially use the civil discovery rules to obtain access to evidence to be used by the United States in the criminal action, but also, due to the ongoing criminal action, simultaneously invoke his Fifth Amendment right against self-incrimination to avoid making his own discovery disclosures"). The fact that Ms. Jordan has not yet asserted her Fifth Amendment rights in this action is due primarily to the fact that there has been no discovery in the case. Ms. Jordan – who is currently incarcerated and awaiting trial on the murder charge – could assert

her Fifth Amendment rights at any point during discovery in her civil action. A stay of discovery in this action pending resolution of the criminal proceedings against Ms. Jordan is therefore warranted.

## III. PLAINTIFF'S CASES ARE DISTINGUISHABLE.

*Louis Vuitton Malletier, S.A. v. Ly USA, Inc.*, 2012 WL 1034900 (2d Cir. March 29, 2012) – relied upon extensively by Plaintiff – is distinguishable in several material respects. Unlike here, the civil action in *Louis Vuitton* was pending for more than one year before defendants' criminal indictments, and discovery in the civil action was already in progress. In denying the defendants' application to stay in *Louis Vuitton*, the Court noted that defendants had already shown a history of resisting discovery in the civil action before filing their motion to stay. *Id.*, at *3, 4, 15. The case is further distinguishable because there was no application by the government to intervene and seek a stay of the civil action in *Louis Vuitton*. Instead, only the defendants in that case moved for a stay. *Id.*, at *4.[2] In addition, the principal issue for the Court of Appeals in *Louis Vuitton* was whether the district court's decision to deny defendants' motion to stay constituted an "abuse of discretion." *Id.*, at *12. While the Court of

---

[2] Nor did the government move to stay civil litigation in any of the other cases relied upon by Plaintiff, including *Fendi Adele S.R.L. v. Ashley Reed Trading, Inc.*, 2006 WL 2585612 (S.D.N.Y. Sept. 8, 2006) (motion to stay made by civil defendants), *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573 (S.D.N.Y. 2001)(motion to stay made by civil defendants), or *Arden Way Assocs. v.* Boesky, 660 F. Supp. 1494 (S.D.N.Y. 1987) (motion to stay made by civil defendants upon alleged agreements with United States Attorney and the SEC concerning ongoing criminal investigations).

Appeals noted that "[t]here were factors present here that would have supported the entry of a stay" (including the fact that defendants had been indicted, and the criminal action involved the same conduct at issue in the civil action) (*id.*, at *13) – the defendants failed to meet the "heavy burden" of showing that the district court had abused its discretion in denying defendants' application for a stay. *Id.*, at *12. *See also In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989)(stay of civil lawsuit or discovery therein where there are parallel civil and criminal proceedings "is well within the informed discretion of the court"). In short, the Second Circuit did not rule that there was a heavy burden to obtain a stay of civil litigation in district court that is related to pending criminal proceedings, nor that a denial of defendants' motion for a stay was *required* in *Louis Vuitton*, but rather held that defendants had failed to satisfy their heavy burden of demonstrating that the district court's denial of a stay was an "abuse of discretion."

Plaintiff's reliance on *Fendi Adele S.R.L. v. Ashley Reed Trading, Inc.*, *supra*, is similarly misplaced. In denying defendants' motion for a stay in *Fendi*, the court noted that only one of the defendants had been indicted, and that the other two defendants had offered no persuasive reason for why discovery in the action should be stayed against them, as well. *Id.*, at *3. The court also noted that defendants waited nearly six months after the indictment to seek a stay and further found that defendants had "engaged in a series of delaying tactics that have largely stymied discovery efforts by

plaintiffs" and only made their application for a stay "in the wake of court rulings that required compliance with the plaintiffs' demands" for discovery. *Id.*[3] Here, the District Attorney has intervened and moved for a stay of Ms. Jordan's action at the outset of litigation.

Finally, in *SEC v. Constantin*, 2012 WL 1195700 (S.D.N.Y. April 9, 2012), the principal reason a stay was denied was because the defendant had not been indicted. *Id.*, at *4 ("Given the abundance of caselaw in this Circuit denying a stay of proceedings when the defendant is under investigation but has not been indicted, the status of the criminal case is of particular pertinence to our decision").[4] In stark contrast, Ms. Jordan was indicted on criminal murder charges *more than two years* before she commenced this civil action. The bases for her novel defense, although available to her since at least the time of the murder, were not raised by the criminal defense team until June of 2011: in other words, the identical financial transactions with Mr. Mirra she cites in support for her purported criminal defense were asserted *nine months* before commencing this action on the same transactions. *See* Opening Brief, Exh. 1 (June 7, 2011 Bail Motion).

While Ms. Jordan argues that a stay of this action will be prejudicial because her criminal action is not likely to proceed to trial this year, the District Attorney is compelled to respond that the delay in the criminal action is the result of Ms. Jordan's counsel interposing repeated obstructions to the progress of the criminal action. This

---

[3] Similarly, in *Sterling National Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 575, 579 (S.D.N.Y. 2001), the court referenced "defendants' dilatory tactics," including delays in filing answers and motions, and defendants' failures to provide discovery, as relevant considerations supporting the denial of defendants' stay motion.

[4] The fact that the defendant had not been indicted was also a justification for the denial of a stay in *Sterling National Bank v. A-1 Hotels Int'l, Inc.*, *supra* at 577-78.

Court would have no reason to know that the Plaintiff has changed her lead attorney three times; that consents and decisions made by counsel have been summarily reversed after months of negotiation; that as a result those decisions have delayed the criminal case; and that the defense has, just last week, sought yet another delay for new "lead counsel" to review the work already done by "local counsel." It is, therefore, impossibly ironic that the Plaintiff here claims that her civil case press forward with the utmost speed while her criminal case languishes.

## Conclusion

For all of the foregoing reasons, as well as those previously stated in the District Attorney's April 23 Opening Brief, the District Attorney respectfully submits that this Court should exercise its discretion to stay Ms. Jordan's instant action, pending the resolution of the criminal proceedings against Ms. Jordan.

Dated: New York, New York
May 11, 2012

S/Kerry J. O'Connell [KO0152]

Kerry J. O'Connell
Assistant District Attorney
Of Counsel

Cyrus R. Vance, Jr.
District Attorney New York County
One Hogan Place
New York, New York 10013
Email: *oconnellk@dany.nyc.gov*
(212) 335-4336 (tel)
(212) 335-4159 (fax)