UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIGI JORDAN,<br>         Plaintiff,<br><br>v.<br><br>RAYMOND A. MIRRA, JR.,<br>         Defendant. | 12 Civ. 01742 (KBF)<br><br>ECF Case |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S RESPONSE TO DISTRICT ATTORNEY NEW YORK COUNTY'S APPLICATION TO INTERVENE AND REQUEST FOR A STAY**

Although the Defendant, Raymond A. Mirra, Jr. ("Mirra") has filed a pleading which is entitled, "Response in Support of District Attorney New York County's Application to Intervene and Request for a Stay," it is not actually a response, but a pleading filed in support of the District Attorney's Application to Intervene and Request for a Stay, filed on April 23, 2012 ("DA's Motion to Stay").  Therefore, the Plaintiff, Gigi Jordan ("Jordan") believes that she is entitled to file this Memorandum in opposition to such pleading.

First, Mirra's pleading argues that the "inevitable invocation of Jordan's right against self-incrimination" would hamper his preparation of a defense in this matter.  At this time, Jordan does not anticipate that she will invoke her right against self-incrimination in the case at bar.  If she does invoke such a right at some future time in this case with respect to some specific deposition question or discovery request, which is not now anticipated by her, there are various remedies available to Mirra at that time to alleviate any prejudice he might suffer from such invocation.

Secondly, despite Jordan's challenge in her opposition to the DA's Motion to Stay challenging the District Attorney to specify how proceeding with the litigation in the case at bar

would prejudice the criminal proceeding, Mirra has noticeably failed to be any more specific in his pleading on this score than was the District Attorney in its Motion to Stay.

Merely stating a generality about "judicial economy and sound conservation of the parties' resources" is not sufficient to deprive a plaintiff of her right to proceed to an expeditious resolution of claims for fraud, fraudulent inducement, breaches of fiduciary duties, and other causes of action which have already been laid out in great detail in the Complaint.

In the event that the adjudication of the DA's Motion to Stay is not resolved before Mirra is required to file a responsive pleading to the Complaint, Jordan does not object to a delay of such filing.  However, Jordan hopes that a hearing will be held and a decision will be made on the DA's Motion to Stay before that time.

Respectfully submitted,

s/Kenneth A. Sweder

_____
Kenneth A. Sweder (admitted *pro hac vice*)
Laurie M. Ruskin (admitted *pro hac vice*)
Sweder & Ross LLP
131 Oliver Street
Boston, MA 02110
Tel. (617) 646-4466
Fax (617) 646-4470
ksweder@sweder-ross.com
lruskin@sweder-ross.com

Nathan Z. Dershowitz (NZD-8752)
Amy Adelson (AA-4078)
Dershowitz, Eiger & Adelson, P.C.
220 Fifth Avenue, Suite 300
New York, NY 10001
Tel. (212) 889-4009
Fax (212) 889-3595
ndershowitz@lawdea.com
aadelson@lawdea.com

Dated: May 16, 2012                             *Attorneys for the Plaintiff Gigi Jordan*