UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GIGI JORDAN,<br>          Plaintiff,<br>v.<br>RAYMOND A. MIRRA, JR.,<br>          Defendant. | )<br>)<br>)<br>)       12 Civ. 01742 (KBF)<br>)<br>)       ECF Case<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION TO STRIKE

The Plaintiff moves to strike the following paragraph, which begins on page 9 and ends on the top of page 10, of the Reply Brief in Support of Motion by the New York County District Attorney's Office for Leave to Intervene Pursuant to Fed.R.Civ.P. 24(a) and (b) and for a Stay of Discovery ("Reply Brief") ("Motion to Stay"):

> "While Ms. Jordan argues that a stay of this action will be prejudicial because her criminal action is not likely to proceed to trial this year, the District Attorney is compelled to respond that the delay in the criminal action is the result of Ms. Jordan's counsel interposing repeated obstructions to the progress of the criminal action.  This Court would have no reason to know that the Plaintiff has changed her lead attorney three times; that consents and decisions made by counsel have been summarily reversed after months of negotiation; that as a result those decisions have delayed the criminal case; and that the defense has, just last week, sought yet another delay for new 'lead counsel' to review the work already done by 'local counsel.'  It is, therefore, impossibly ironic that the Plaintiff here claims that her civil case press forward with the utmost speed while her criminal case languishes."

The paragraph emphatically urges the Court to consider what the District Attorney calls "repeated obstructions" and delay in the criminal action by the Plaintiff, Gigi Jordan, who is the Defendant in the criminal proceedings.  Such claims, which are contested by Ms. Jordan, have no more place in the consideration of the pending Motion for a Stay than the claims by Ms. Jordan

about the conduct of the District Attorney in the criminal proceedings in failing to turn over discovery, issues regarding lost evidence, and other claims.

The offending paragraph, wittingly or unwittingly, carries over into this action the apparent antagonism between the District Attorney and Defense Counsel in the criminal proceedings. Even the indirect and incidental injection of such antagonism into this action is highly inappropriate. More importantly, the dispute as to who is responsible for any delay in the criminal proceedings is irrelevant in the consideration of the Motion to Stay.

The Plaintiff should not have to be concerned about documenting for this Court the motions, pleadings and decisions in the criminal proceedings which support her position concerning the cause of the delay there.

Wherefore, the Plaintiff moves that said paragraph be stricken.

                                                Respectfully submitted,
                                                s/Kenneth A. Sweder

Kenneth A. Sweder (admitted *pro hac vice*)
Laurie M. Ruskin (admitted *pro hac vice*)
Sweder & Ross LLP
131 Oliver Street
Boston, MA 02110
Tel. (617) 646-4466
Fax (617) 646-4470
ksweder@sweder-ross.com
lruskin@sweder-ross.com

Nathan Z. Dershowitz (NZD-8752)
Amy Adelson (AA-4078)
Dershowitz, Eiger & Adelson, P.C.
220 Fifth Avenue, Suite 300
New York, NY 10001
Tel. (212) 889-4009
Fax (212) 889-3595
ndershowitz@lawdea.com
aadelson@lawdea.com

Dated: May 16, 2012                   *Attorneys for the Plaintiff Gigi Jordan*